650 Fed.Appx. 17
This case was not selected for
publication in West's Federal Reporter.
See Fed. Rule of Appellate Procedure 32.1
generally governing citation of judicial decisions
issued on or after Jan. 1, 2007. See also
U.S.Ct. of App. D.C.Cir. Rule 32.1 and Rule 36.
United States Court of Appeals,
District of Columbia Circuit.

BCB Holdings Limited and
Belize Bank Limited, Appellees

v.

Government of Belize, Appellant.

No. 15-7063
|
Consolidated with 15-7069
|
September Term, 2015
|
Filed On: May 13, 2016

**Synopsis**
**Background:** Belize-registered parent holding company and its banking subsidiary petitioned to confirm foreign arbitral award, pursuant to Federal Arbitration Act (FAA) and Convention on the Recognition and Enforcement of Foreign Arbitral Awards (New York Convention), to convert award plus costs and interests to United States dollars, and to enter judgment in their favor against Government of Belize or, alternatively, filed complaint to recognize and enforce foreign money judgment pursuant to District of Columbia Foreign-Money Judgments Recognition Act. Belize moved to dismiss petition and complaint. The United States District Court for the District of Columbia, Colleen Kollar-Kotelly, J., 110 F.Supp.3d 233, granted petition and denied motion. Belize appealed.

**Holdings:** The Court of Appeals held that:

[1] the doctrine of international comity was not a "rule of procedure" of the United States, and so did not constitute a basis for denying enforcement of the foreign arbitral award under the New York Convention;

[2] Belize failed to show that enforcement of foreign arbitral award would violate the most basic U.S. notions of morality and justice; and

[3] equitable tolling of the statute of limitations for bringing suit to enforce arbitral award was appropriate.

Affirmed.

 **\*18** Appeals from the United States District Court for the District of Columbia (No. 1:14-cv-01123)

**Attorneys and Law Firms**

Louis Benjamin Kimmelman, Esquire, Attorney, Dana Chandler MacGrath, Counsel, Sidley Austin LLP, New York, NY, Kristin Graham Koehler, Ryan Conway Morris, Esquire, Sidley Austin LLP, Washington, DC, for Petitioners–Appellees.

Juan C. Basombrio, Dorsey & Whitney LLP, Costa Mesa, CA, Creighton Reid Magid, Esquire, Dorsey & Whitney LLP, Washington, DC, for Respondent–Appellant.

Before: Rogers, Griffith, and Kavanaugh, Circuit Judges.

### JUDGMENT

This appeal was considered on the record from the United States District Court for the District of Columbia and on the briefs and oral arguments of the parties. The Court has afforded the issues full consideration and has determined that they do not warrant a published opinion. *See* D.C. Cir. R. 36(d). It is

**ORDERED** and **ADJUDGED** that the judgment of the District Court is hereby **AFFIRMED**.

BCB Holdings Limited and Belize Bank Limited are two Belizean banking companies. In 2005, those two companies signed an agreement with the Belizean Prime Minister regarding, among other things, their tax treatment. In 2008, the Government of Belize repudiated that agreement. In response, BCB Holdings and Belize Bank invoked the agreement's arbitration clause. On August 20, 2009, an arbitral tribunal in London ruled against Belize and ordered the country to pay a substantial amount (approximately $20.5 million in U.S. dollars), plus

interest and costs. The two companies first tried to enforce the award in Belize itself. But that effort failed because Belize's highest court ruled that the award contravened Belize's separation-of-powers system. So on July 1, 2014, BCB Holdings and Belize Bank sought to enforce the award in the U.S. District Court for the District of Columbia. Belize moved to dismiss the suit on a variety of grounds, including international comity, public policy, forum non conveniens, and the statute of limitations. The District Court found none of Belize's arguments persuasive, and it enforced the arbitral award. *See BCB Holdings Ltd. v. Belize*, 110 F.Supp.3d 233 (D.D.C. 2015).

 **[1]**  We affirm. Under the Federal Arbitration Act, U.S. courts must enforce foreign arbitral awards unless they find "one of the grounds for refusal or deferral of recognition or enforcement of the award specified in" the United Nations Convention on the Recognition and Enforcement of Foreign Arbitral Awards, 21 U.S.T. 2517 (1958), also known as the New York Convention. 9 U.S.C § 207. In this case, Belize asks us to deny enforcement on the basis of international comity. Belize argues that the Convention instructs courts to **\*19** enforce arbitral awards "in accordance with the rules of procedure of the territory" where the enforcement action is brought. New York Convention art. III. But Belize has failed to provide support for its assertion that the doctrine of international comity is a "rule of procedure" of the United States.

 **[2]**  Belize also claims that the District Court should have refused to enforce the arbitral award because it was the result of a corrupt bargain between the two companies and the former Belizean Prime Minister. Under the New York Convention, courts may decline to enforce an arbitral award if "enforcement of the award would be contrary to the public policy of that country." New York Convention art. V(2)(b). But courts should rely on the public policy exception only "in clear-cut cases" where "enforcement would violate the forum state's most basic notions of morality and justice." *Termorio S.A. E.S.P. v. Electranta S.P.*, 487 F.3d 928, 938 (D.C. Cir. 2007) (citations omitted). In this case, Belize has not shown that enforcement would violate the most basic U.S. notions of morality and justice. The arbitral tribunal did not find any corruption. And Belize's highest court refused to enforce the award not because the underlying agreement was tainted by corruption, but rather because the agreement violated Belize's separation of powers. Belize has failed to justify the use of the public policy exception in this case.

Belize also argues that the District Court should have refused to enforce the arbitral award based on two other public policies: the separation of powers and international comity. But enforcement in this case would not violate any "basic notion of morality and justice" rooted in either of those two doctrines.

Belize contends that the District Court should have dismissed the enforcement action on forum non conveniens grounds. That argument is squarely foreclosed by our precedent. In *TMR Energy Ltd. v. State Property Fund of Ukraine*, 411 F.3d 296 (D.C. Cir. 2005), we held that the doctrine of forum non conveniens does not apply to actions in the United States to enforce arbitral awards against foreign nations. *See id.* at 303–04.

 **[3]**  Finally, Belize claims that BCB Holdings and Belize Bank were time-barred from bringing their enforcement action. Generally, parties must bring suit to enforce an arbitral award within "three years after [it] is made." 9 U.S.C. § 207. Here, BCB Holdings and Belize Bank took almost five years. But the District Court equitably tolled the statute of limitations so that their claims were not time-barred. *BCB Holdings Ltd.*, 110 F.Supp.3d at 245. The District Court reasoned that BCB Holdings and Belize Bank had pursued their rights to the arbitral award diligently. *Id.* According to the District Court, the two companies had failed to enforce the award only because of an external obstacle—a 2010 Belize criminal statute that, as relevant here, imposed imprisonment and substantial fines on those who violated a Belize Supreme Court injunction, including injunctions against pursuing enforcement of arbitration awards against Belize. *Cf. Belize Social Development Ltd. v. Belize*, 668 F.3d 724, 729 (D.C. Cir. 2012). That statute was ruled unconstitutional in January 2014. But up until that point, the District Court observed, the statute had a "chilling effect" on enforcement efforts. *BCB Holdings Ltd.*, 110 F.Supp.3d at 245. This Court has not resolved the appropriate standard of appellate review for equitable tolling decisions. But even under de novo review, we agree with the District Court that equitable tolling was appropriate under all the circumstances here. The companies persuasively explain that they **\*20** and their lawyers were reasonably chilled from enforcing the award in the United States because they might thereby run afoul of the Belizean statute and risk criminal penalties. So long as the statute was in effect, therefore, it was reasonable for BCB Holdings

and Belize Bank to avoid any action—including starting an enforcement suit in the United States. And once the statute was ruled unconstitutional, it was reasonable for BCB Holdings and Belize Bank to then file the enforcement action in the District Court within six months.

We have carefully considered all of Belize's arguments. We affirm the judgment of the District Court.

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or rehearing en banc. *See* Fed. R. App. P. 41(b); D.C. Cir. R. 41.

**All Citations**

650 Fed.Appx. 17

---

**End of Document**

© 2017 Thomson Reuters. No claim to original U.S. Government Works.